FILED
 2008 Nov-03  PM 12:07
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Debra L. Shafer, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-G-1760-NE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Debra L. Shafer, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end

this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

> (3) whether her impairment meets or equals one listed by the Secretary;
>
> (4) whether the claimant can perform her past work; and
>
> (5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

      In the instant case, the ALJ, Randall Stout, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559. When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids). Foote, at 1558-59. The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids. Foote, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony. Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

The plaintiff alleges she is disabled due to a variety of impairments, including severe back and neck pain. The plaintiff testified that her pain was often severe. She testified that her pain was frequently a 10 on a scale of one to 10 and that she took Lortab daily. She testified that even after taking Lortab her pain might only be reduced to a five or six out of 10, and then for only four or five hours out of the day. The rest of the time she testified her pain is usually an eight or nine out of 10. Record 878-879.

A review of the medical records shows that the plaintiff was treated by Dr. Roberts for pain management over a period of several years. The records reveal that during this entire period of treatment the plaintiff routinely was given a pain score in excess of seven out of 10. She received in excess of 15 epidural spinal injections during

this time. The plaintiff's treating doctor, Dr. Coleman, opined on July 22, 2005, as follows:

> She has made some attempts at return to work and does not look like this is going to be possible with the way her back is now. I recommend she continu her treatments with Dr. Robertson [sic] but consider [her] to be continuing on disability and probably long-term unless some new treatments for the back are established.

Record 615.

The ALJ explicitly found the plaintiff met the Eleventh Circuit pain standard. Record 18. However, in spite of the plaintiff's longitudinal treatment record for severe pain, the ALJ refused to credit the plaintiff's testimony. See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). The ALJ gave essentially only three reasons for refusing to credit the plaintiff's pain testimony.

First, he inferred "that the claimant does not take the medications prescribed because she does not actually need them." Record 19. He based this on the fact the plaintiff's husband had insurance "that covers at least some of the claimant's medical needs." Record 18. The ALJ's inference is unfounded and irrelevant. The plaintiff testified at her hearing that she takes Lortab, a narcotic pain medication, on a daily basis in

6

an attempt to relieve her pain.  Furthermore, she testified that even though her husband had insurance, it did not cover the entire cost of her medications.  Record 882.  Therefore, contrary to the ALJ's assertion that the plaintiff does not take prescribed medicines "because she does not actually need them," the plaintiff testified that she did take Lortab for pain.  This reason is not, therefore, supported by substantial evidence.

        Second, the ALJ refused to credit the plaintiff's allegations of limited daily activities because they "cannot be objectively verified with any degree of certainty."  Record 19.  The pain standard does not require objective verification that the plaintiff's activities were limited due to pain.  The ALJ offered no evidence that the plaintiff's activities were more substantial than she testified.  The ALJ's requirement that the plaintiff's testimony of limitations due to pain be objectively verified is improper and is not an acceptable reason for refusing to credit the plaintiff's testimony.

        Lastly, the ALJ refused to credit the plaintiff because he found it "difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision."  Record 19.  It is difficult to understand how the ALJ can consider two years of treatment at a pain clinic, that included in excess of 15 spinal injections, as being "weak medical evidence."  Moreover, the plaintiff's treating doctor opined that the plaintiff should be considered disabled long term unless new treatments for her back were established.  The ALJ' s assertion that the plaintiff's back pain is supported by "weak

medical evidence" is not reasonable.  As Judge Allgood observed in <u>Lamb v. Bowen</u>: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain.  No examining physician ever questioned the existence of appellant's pain.  They simply found themselves unable to cure the pain." 847 F.2d 698, 702 (11th Cir. 1988).

      Because the ALJ's recited reasons for refusing to credit the plaintiff's pain testimony are not supported by substantial evidence, under the law of this Circuit, that testimony must be accepted as true.  The plaintiff testified that because of her pain and medications, she had to take frequent breaks during the day during which she reclined and sometimes went to sleep.  The vocational expert testified that if the plaintiff had "to take unscheduled work breaks and/or lie down periodically throughout the workday" she would be unable to do any of the jobs that he had previously listed.  Therefore, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

      DONE and ORDERED 3 November 2008.

                                    UNITED STATES DISTRICT JUDGE
                                         J. FOY GUIN, JR.